[Cite as *State v. Matthews*, 2013-Ohio-2183.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. William B. Hoffman, J.<br>Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 12-CA-35 |
| STEVEN L. MATTHEWS | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Fairfield County Common
Pleas Court, Case No. 12-CR-68

JUDGMENT:                                      Affirmed

DATE OF JUDGMENT ENTRY:          May 16, 2013

APPEARANCES:

For Plaintiff-Appellee                        For Defendant-Appellant

GREGG MARX                                  THOMAS R. ELWING
Prosecuting Attorney                         60 West Columbus Street
                                                      Pickerington, Ohio 43147
By: JOCELYN S. KELLY
Assistant Prosecuting Attorney
Fairfield County, Ohio
239 W. Main Street, Ste. 101
Lancaster, Ohio 43130

*Hoffman, J.*

{¶1} Defendant-appellant Steven L. Matthews appeals his conviction and sentence entered by the Fairfield County Court of Common Pleas, on two counts of retaliation, in violation of R.C. 2921.05(A); and two counts of assault on a corrections officer, in violation of R.C. 2903.13(A) and (C)(2)(a), following a jury trial. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On February 10, 2012, the Fairfield County Grand Jury indicted Appellant on the aforementioned charges. The matter proceeded to jury trial on May 15, 2012.

{¶3} The following evidence was adduced at trial. Corrections Officer John Bluhm was conducting security rounds at the Southeastern Correctional Institution at approximately 11 p.m. on November 19, 2011, when he observed Appellant, an inmate, with a pick in his hair. C.O. Bluhm ordered Appellant to remove the pick as SCI policy prohibited inmates from having potential weapons in their hair. In response, Appellant swore at C.O. Bluhm, and asked, "Who's it bothering?" Appellant did not comply with the order to remove the pick. C.O. Bluhm again informed Appellant of SCI's policy and again ordered Appellant to remove the pick. Because Appellant failed to comply, C.O. Bluhm instructed him to gather his property and take it to another area. Appellant refused to do so. C.O. Bluhm then ordered Appellant to get his I.D. Appellant swore at the officer, and replied, "If you want it, you find it."

{¶4} C.O. Bluhm reached up and removed the pick from Appellant's hair. Appellant turned around and struck the officer in the face and chest. C.O. Bluhm fell back and struck his head on a bunk bed. The officer stood, intending to spray Appellant

with OC, a type of pepper spray. A physical altercation ensued during which Appellant sprayed C.O. Bluhm with pepper spray.

{¶5} C.O. Josh Jarrell arrived to assist C.O. Bluhm. Appellant, raising the can of pepper spray, ran toward the officer and grabbed him. Appellant squeezed and choked C.O. Jarrell and then slammed his head into a glass wall. A third corrections officer arrived and was able to restrain Appellant. The entire altercation was recorded on video.

{¶6} After hearing all the evidence and deliberations, the jury found Appellant guilty on all four counts. The parties agreed the counts of assault and retaliation as to C.O. Bluhm were allied offenses of similar import, and the counts of assault and retaliation as to C.O. Jarrell were also allied offenses of similar import. The state elected to proceed with sentencing on the retaliation charges. The trial court sentenced Appellant to a term of 24 months on each count, and order the terms be served consecutively. The trial court memorialized Appellant's conviction and sentence in a Judgment Entry of Sentence filed June 22, 2012.

{¶7} It is from his conviction and sentence Appellant appeals, asserting as error:

{¶8} "I. THE TRIAL COURT ERRED IN FINDING THAT SUFFICIENT EVIDENCE WAS PRESENTED TO CONVICT STEVEN L. MATTHEWS OF TWO COUNTS OF RETALIATION UNDER 2921.05(A) FOR ALLEGED ACTS OF RETALIATION COMMITTED PRIOR TO THE COMMENCEMENT OF ANY CIVIL OR CRIMINAL ACTION OR PROCEEDING IN A COURT OF JUSTICE."

I

{¶9}    Appellant was convicted of two counts of retaliation, in violation of R.C. 2921.05(A).  The statute reads, in pertinent part:

No person, purposely and by force or by unlawful threat of harm to any person or property, shall retaliate against a public servant, a party official, or an attorney or witness who was involved in a civil or criminal action or proceeding because the public servant, party official, attorney, or witness discharged the duties of the public servant, party official, attorney, or witness.

{¶10}  Appellant argues the phrase "involved in a civil or criminal action or proceeding" is a critical element of the offense, requiring a current court proceeding to support a conviction under R.C. 2921.05(A).  Brief of Appellant at 7. Appellant explains although C.O. Bluhm and C.O. Jarrell qualify as "public servants" as defined in R.C. 2921.05(B), neither corrections officer was involved in a civil or criminal action for which he could be the victim of retaliation.  Appellee counters the phrase "involved in a civil or criminal action or proceeding" is applicable only to an attorney or witness, not to a public servant or party official.  We agree with Appellee.

{¶11}  We find the legislature intended R.C. 2921.05(A) to prohibit retaliation against three categories of individuals:  (1) the public servant, (2) the party official, or (3) the attorney or witness who was involved in a civil or criminal action or proceeding.  The placement of the comma before "or an attorney or witness" in the context of this sentence clearly establishes the third category of potential victims of retaliation encompasses attorneys or witnesses who were involved in civil or criminal actions or

proceedings. The use of "or" before the word "attorney" would be superfluous if the phrase "who was involved in a civil or criminal action or proceeding" was meant to modify each category.

{¶12} As used in R.C. 2921.05(A), "who was involved in a civil or criminal action or proceeding" is an essential relative clause modifying only an attorney or witness. This interpretation is also supported by the Ohio Jury Instructions, which read, in relevant part:

> The defendant is charged with retaliation. Before you can find the defendant guilty, you must find beyond a reasonable doubt that on or about the day of, and in County, Ohio, the defendant, purposely and by (force) (unlawful threat of harm to any person or property) retaliated against
>
> (*Use appropriate alternative*)
>
> (A)
>
> a (public servant) (party official) ([attorney] [witness] who was involved in a [civil] [criminal] action or proceeding) because the (public servant) (party official) (attorney) (witness) discharged his/her duties. 2 OJI-CR 521.05(1).

{¶13} Based upon this interpretation of the retaliation statute, we now determine whether there was sufficient evidence to support Appellant's conviction.

{¶14} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks,* 61 Ohio St.3d 259 (1991). "The relevant inquiry is whether, after viewing the

evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307 (1979). On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172 (1983), 175. See also, *State v. Thompkins,* 78 Ohio St.3d 380, 1997–Ohio–52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶15} The testimony at trial established John Bluhm and Josh Jarrell were corrections officers at Southeastern Correctional Institution, working on November 19, 2011. C.O. Bluhm was making security rounds at approximately 11p.m. when he encountered Appellant. C.O. Bluhm was attempting to make Appellant comply with institution rules when Appellant retaliated against him. Likewise, C.O. Jarrell was discharging his duties as a corrections officer when he attempted to assist C.O. Bluhm with Appellant. We find there was sufficient evidence to support Appellant's convictions.

{¶16} Appellant's sole assignment of error is overruled.

{¶17} The judgment of the Fairfield County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Farmer, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| STEVEN L. MATTHEWS | : | |
| | : | |
| Defendant-Appellant | : | Case No. 12-CA-35 |

For the reasons stated in our accompanying Opinion, the judgment of the

Fairfield County Court of Common Pleas is affirmed. Costs to Appellant.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Sheila G. Farmer _____
HON. SHEILA G. FARMER